# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

ERIC A. LUCUS,

    Plaintiff,

v.

No. 6:17-03247-CV-RK

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by the administrative law judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

**Discussion**

In determining whether Plaintiff was disabled, the ALJ undertook the five-step evaluation process established by Social Security Administration. At step one, the ALJ found that Plaintiff has not engaged in any substantial gainful activity since his disability onset date. At step two, the ALJ determined that Plaintiff suffered from the following severe medical impairments: degenerative disc disease of the lumbar spine, hernia, chronic obstructive pulmonary disease ("COPD"), anxiety disorder, depressive disorder, and history of alcohol and substance abuse. At step three, the ALJ found that Plaintiff's impairments, whether considered alone or in combination, did not meet or medically equal any of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Next, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work. Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy. Based on that finding, the ALJ concluded that Plaintiff was not disabled as defined by SSA.

On appeal, Plaintiff contends that the ALJ failed to properly weigh the opinion of his treating psychiatrist, Dr. Monika Goyal. Social Security Administration regulations in effect at the time of the ALJ's decision provide that treating source opinions are entitled to controlling weight so long as the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record[.]" 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).[1] Even when not entitled to controlling weight, treating source opinions are still entitled to deference. *See Vossen v. Astrue*, 612 F.3d 1011, 1017 (8th Cir. 2010). In such cases, the ALJ must apply certain factors to determine the weight to give a treating source opinion, namely—the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

---

[1] These regulations apply for claims, like Plaintiffs, filed before March 27, 2017, whereas the rules in §§ 404.1520(c) and 416.920(c) apply for claims filed on or after March 27, 2017.

Whether the ALJ accords a treating source opinion great or little weight, the ALJ must "always give good reasons" for the particular weight given. *Id.*; *see Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). According to Social Security Ruling ("SSR") 96-2p,[2] the regulations require that whenever an ALJ denies benefits, the decision:

> must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

<u>Titles II & XVI: Giving Controlling Weight to Treating Source Med. Opinions</u>, SSR 96-2P (S.S.A. July 2, 1996); *see* 20 C.F.R. § 402.35(b)(1) (SSRs "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted.").

Here, Dr. Goyal's opinions are set out in a completed mental RFC form dated February 27, 2017, which asked that she rate Plaintiff's "mental abilities to function on a sustained basis, 8 hours per day, five days per week, in a regular, competitive work setting." (Tr. 626.) Dr. Goyal saw Plaintiff on ten occasions over a period of eighteen months. It is undisputed that Dr. Goyal is a treating source and that she treated Plaintiff during the relevant time period for purposes of Plaintiff's disability application.

The ALJ assigned Dr. Goyal's opinion "partial weight." (Tr. 17.) As for the reasons for according partial weight, the ALJ first assessed that Dr. Goyal's opinion was internally inconsistent. Specifically, Dr. Goyal remarks under the prompt "[p]lease indicate the basis for your above assessment" that Plaintiff "gets nervous in crowds" and "unfamiliar places" and is "unable to remember long term." (Tr. 17.) The ALJ assessed that these statements are inconsistent with the part of Dr. Goyal's opinion that Plaintiff "was better able to maintain socially appropriate behavior, adhere to basic standards of cleanliness, travel in unfamiliar places, use public transportation, make simple work-related decisions and sustain an ordinary routine without special supervision."[3] (Tr. 17, 627-28.) The ALJ does not provide any discussion or elaboration regarding this purported internal inconsistency.

---

[2] SSR 96-2p was rescinded effective March 27, 2017, but was applicable on the date of the ALJ's decision, March 20, 2017.

[3] The ALJ uses the phrase—"better able to"—to indicate Dr. Goyal's opinion that Plaintiff's performance of these activities would be precluded for 0% or 5% of an eight-hour

3

The ALJ also assessed that Dr. Goyal's opinion was not supported by her own treatment notes or by the medical record as a whole. (Tr. 17.) The ALJ again pointed to Dr. Goyal's remarks that Plaintiff "gets nervous in crowds" and "unfamiliar places," indicating that these statements are inconsistent with Dr. Goyal's opinion that Plaintiff "could maintain socially appropriate behavior, went bowling with a group of friends, goes to church, travel [sic] in unfamiliar places, and use [sic] public transportation." The ALJ provides no discussion and cites only generally to Dr. Goyal's treatment notes and her mental RFC form.

Without more, the basis for the ALJ giving Dr. Goyal's opinion only partial weight is unclear. It is not clear how Dr. Goyal's opinions that Plaintiff "gets nervous in crowds" and "unfamiliar places" and is "unable to remember long term" are inconsistent with her other opinions or her treatment notes. Although the ALJ asserts that Dr. Goyal's opinion is not supported by the medical record as a whole, the only portions of the record cited in support of this conclusion are Dr. Goyal's RFC form and treatment notes. Even then, the citations to Dr. Goyal's RFC form and treatment notes have no pincites. The ALJ's decision also lacks discussion of all the factors listed in SSA regulation when determining the weight to give a treating source who is not entitled to controlling weight.

Contrary to Defendant SSA's arguments, the existence of substantial evidence in the record for the ALJ to discount Dr. Goyal's opinion does not excuse the violation of the reason-giving requirement. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (rejecting the same argument when discussing former 20 C.F.R. § 1527(d)(2), now § 404.1527(c)(2), because "[t]o hold otherwise, and to recognize substantial evidence as a defense to non-compliance [of the reason-giving requirement], would afford the [ALJ] the ability [to] violate the regulation with impunity and render the protections promised therein illusory.")

---

workday, as compared to Plaintiff's performance of other activities that Dr. Goyal opined would be precluded for 10% or 20% of an eight-hour workday. (Tr. 626.)

However, even if the ALJ failed to give "good reasons" for discounting Dr. Goyal's opinion, the ALJ assessed significant limitations in Plaintiff's mental RFC. Specifically, the ALJ found that Plaintiff:

> can perform tasks learned in thirty days or less involving no more than simple, work-related-decisions requiring little to no judgment with only occasional work place changes. The claimant should have no interaction with the public and no more than occasional interaction with co-workers or supervisors. He cannot work at a production rate pace, further defined as no fast-paced work such as on an assembly line."

(Tr. 14-15.) Plaintiff states that the most significant set of limitations opined by Dr. Goyal was that the he was precluded 20% of an eight hour work day from maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances, and working in coordination with or in proximity to others without being distracted by them. (Doc. 17.) Although Plaintiff argues that Dr. Goyal's opinion should have been accorded controlling weight, Plaintiff points to no greater limitations that could have been found had this opinion been given greater weight. Consequently, any non-compliance with the reason-giving requirement is harmless error. *See Wilson*, 378 F.3d at 547 (failure to give good reasons for weighing treating source opinion may be harmless error if the ALJ makes findings consistent with the opinion of the treating source).

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 25, 2018